STATE *vs.* JONATHAN WATSON.

Cumberland, 1875.—February 26, 1876.

*Evidence—testimony of experts. Witness—previous conviction of.*

There is nothing in the knowledge or experience of a city fireman, as to the influence of the wind in directing the course of a fire from one building to another in the open country, or as to fires creating their own currents, that qualifies him to give evidence as an expert.

Upon the trial of an indictment for arson of farm buildings, where it was a material question whether fire was communicated from one building to another; *held,* that the opinion of an experienced city fireman upon the question whether under all the circumstances the fire would be thus communicated is not competent evidence; *held,* also, that the defendant has no cause of complaint, because he is not allowed to ask such witness whether or not it is a common occurence for fire to be communicated from leeward to windward across a space greater than that which separated the buildings burned; *held,* also, that such witness cannot be asked whether in his experience large wooden buildings or large fires make their own currents, frequently eddying against the prevailing wind.

The rule of law, (R. S., c. 82, § 94,) that the record of a previous conviction of a witness for a criminal offense mav be shown to affect his credibility; *held* applicable to a case where a party, offers himself as a witness in his own behalf in a criminal proceeding although no evidence of his previous good character has been offered; *held,* also, that such record is conclusive evidence of his guilt of the crime of which he was then convicted and cannot be contradicted by him.

ON EXCEPTIONS from the superior court.

INDICTMENT for arson under R. S., c. 119, §§ 1, 2.

The case and the questions raised are stated in the opinion.

*N. Webb* and *H. B. Cleaves,* for the defendant.

Under the general principle that where the inference requires

the judgment of persons of peculiar skill and knowledge on the particular subject, the testimony of such as to their opinion and judgment upon the facts is admissible evidence to enable the jury to come to a correct conclusion, the counsel cited the following cases where experts had been admitted; an observer of the habits of certain fish in overcoming obstructions in the ascent of rivers; *Cottrill et al.* v. *Myrick,* 12 Maine, 222; a seaman as to the proper storing of a cargo; *Price* v. *Powell,* 3 Const., 322; a mason as to the time requisite for the walls of a house to become so dry as to be safe for human habitation; *Smith* v. *Gugerty,* 4 Barb., S. C. R., 614; a master engineer and builder of steamboats as to the manner of a collision, 18 Ohio, 375; a practical surveyor as to whether piles of stones and marks on trees were monuments or boundaries; *Davis* v. *Mason,* 4 Pick., 156.

*C. F. Libby,* for the state.

BARROWS, J. Watson was convicted upon certain counts in an indictment charging him with wilfully and maliciously setting fire to a barn at Cape Elizabeth, belonging to Simon Jordan, with intent to burn said Jordan's dwelling house which was thereby burnt and consumed; and with arson of the same dwelling house by wilfully and maliciously setting fire thereto.

The scene of the alleged crime was a farm house in the open country. It was claimed on the part of the state that the defendant set fire directly both to the house and barn, and that his statement, made at the time to neighbors who came to the fire, that the house caught from the barn, was untrue.

It was in proof and not controverted that at the time of the fire the wind was blowing fresh and strong from the south-west; that it had been snowing for some three hours; that no water or snow was used on the fire, and that the buildings were all of wood; that the fire broke out in the barn nearest the house, and north-easterly from it (the distance from the corner of the house to the corner of the barn being twenty-six and a half feet,) that the fire had made some progress when discovered, which was before any fire was discovered in the house, the ell of which was found to be on fire on the inside a very short time after fire was seen in the barn.

The defendant called witnesses long connected with the fire department of the city of Portland to whom he presented a plan of the buildings, and after stating the distances between them, the materials of which they were constructed, the direction of the wind, the state of the weather, and the fact that no water was used upon the fire, he inquired whether or not in their opinion the dwelling house and connected buildings would take fire from the barn; whether or not it is a common occurrence for fire to be communicated from leeward to windward across a space greater than twenty-six feet; whether or not in their experience large wooden buildings, or large fires make their own currents, frequently eddying against the prevailing wind.

The testimony was excluded, and this exclusion is the basis of the exception principally relied on by the defendant.

We do not think it can be sustained.

The general rule which confines the testimony in a case on trial to the proof of facts pertinent to the issue, is too wholesome to be impaired by the multiplication of exceptions which open the way to proof of men's opinions, and facts of remote, uncertain and questionable import, unless it is very clear that the principle upon which those exceptions are supported has been violated.

Any one who has listened to the "vain babblings and oppositions of science falsely so called," which swell the record of the testimony of experts when the hopes of a party depend rather upon mystification than enlightenment, will see the wisdom of the rule, and look carefully to the legitimacy of any exceptions that may be offered.

The principle upon which such exceptions rest is well discussed by Shaw, C. J., in *N. E. Glass Co.* v. *Lovell*, 7 Cush., 319.

In the class of cases where the opinion of a witness is competent evidence, it becomes so not because the witness may be supposed, when compared with the jury, to possess superior powers of perception, intuition and judgment, or superior ability *to draw correct* inferences from proved facts; but because the nature of the question at issue is such that men of ordinary experience and intelligence must be supposed to be incapable of drawing conclusions

from the facts in evidence without the assistance of some one who has special skill or knowledge in the premises.

In the case of *Jefferson Ins. Co.* v. *Cotheal*, 7 Wend., 73, it was held that the only cases in which opinion is evidence are those where the nature of the question involved is such that the jury are incompetent to draw their own conclusions from the facts without the aid of persons possessing peculiar skill and knowledge respecting such facts.

Hence it follows that where an inference is to be drawn respecting matters which "may be presumed to be within the common experience of all men of common education moving in the ordinary walks of life, there is no room for the evidence of opinion; it is for the jury to draw the inference." *N. E. Glass Co.* v. *Lovell, ubi supra.*

Accordingly in the last named case where it became material to determine whether certain packages of glass-ware were stowed on or under the deck of a vessel which was stranded on Hart Island, and the plaintiffs offered evidence tending to show that if they had been stowed under deck they or the remains of them would have been found there, and the defendants offered evidence tending to show that they might have been washed out, the opinion of a witness who had been acquainted with the navigation about there for thirty years and had been stranded there, and had been employed in saving and getting off wrecked vessels, and was near the place at the time of the wreck, upon the question whether, taking into view all the circumstances, the goods could have been broken to pieces in the hold or washed out of the hold as the defendants contended, was held inadmissible.

And in *Jefferson Ins. Co.* v. *Cotheal, ubi supra,* witnesses long and familiarly acquainted with the business of insurance were not allowed to give their opinion as to the materiality of a representation or concealment, nor whether the risk had been increased by the erection of a boiler house adjoining the premises covered by the insurance.

In *Joyce* v. *Maine Ins. Co.*, 45 Maine, 168, and *Cannell* v. *Phœnix Ins. Co.*, 59 Maine, 582, the opinions of witnesses who had had large experience in the business of insurance as to the

comparative risk upon occupied and unoccupied dwelling houses, and their testimony as to the fact that rates of insurance were increased when dwelling houses were vacant, and as to the relative number of losses upon occupied and unoccupied buildings were all held inadmissible.

These cases were decided in accordance with the rule and principle above stated, which may be regarded as well settled, the main difficulty being in the practical application of it to the ever varying circumstances of the cases in which it is sought to establish an exception.

In the case before us the incidental question was whether the fire was communicated from the barn to the dwelling house; and it was plainly one within the scope of common experience, to be determined by and upon the facts and circumstances proved, from which the jury were fully competent to draw their own conclusions.

It was not a question upon which the opinions of those who had witnessed many fires either in city or country could be competent evidence.     If the door were to be opened to opinions in such a case, there is seldom a case in which it could be closed; and the trial of causes would degenerate into a canvassing of the opinions of witnesses, often loosely given upon imperfect and prejudiced views of the facts upon which the jury alone ought to pass.

Nor had the facts which the defendant proposed to prove by these witnesses any such relevancy to the issue which the jury were trying as would entitle them to admission.

Indeed if the case could have been regarded as one where the testimony of experts was competent, we should still be inclined to say that if the presiding judge had held that the experience of the city firemen, though they were doubtless accustomed to great conflagrations and to fires of all sorts among crowded buildings peculiarly situated as to their surroundings, was not such as to qualify them to give an opinion that would be likely to be serviceable to the jury under the circumstances here developed, the defendant would have had no cause of complaint.     The question was how those isolated farm buildings were burnt, not what happens or is likely to happen with more or less frequency in the conflagrations of compact cities.

The defendant having offered himself as a witness, the state was permitted to impeach him in that character by presenting the record of his conviction of a felony. He complains of this, insisting that as he had offered no testimony to his good character, the government should not have been allowed to attack his character, by proof of the commission of any other crime than that for which he was on trial. The objection would be well taken if it appeared that the evidence was offered or used for any other purpose except to affect his credibility as a witness. So far it was competent, made so by R. S., c. 82, § 94. *State* v. *Watson*, 63 Maine, 128.

That record was conclusive as between the state and the defendant of the truth of the matters therein alleged and contained.

The defendant should not be permitted to contradict it. *State* v. *Lang*, 63 Maine, 215.

The defendant shows no just ground of complaint against any of the rulings. *Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.